## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA AVILA,<br>2722 Willits Road<br>Philadelphia, PA 19152<br><br>        Plaintiff,<br><br>   v.<br><br><br>ABINGTON MEMORIAL HOSPITAL,<br>1200 Old York Road<br>Abington, PA 19001<br><br>        Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Sandra Avila (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Abington Memorial Hospital (hereinafter "Defendant").

## INTRODUCTION

1.      Plaintiff has initiated this action to redress Defendant's violations of the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA").  Defendant fired Plaintiff, because Plaintiff took time off from work to provide care to her minor son, who suffered from a disability.  As a result of Defendant's conduct, Plaintiff suffered damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FMLA.

3.    This Court may properly maintain personal jurisdiction over Defendant, because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4.    Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.    Plaintiff exhausted all administrative remedies required as a prerequisite to the filing of Plaintiff's instant ADA claims.

## PARTIES

6.    The foregoing paragraphs are incorporated herein as if set forth in full.

7.    Plaintiff is an adult individual with an address as set forth in the caption.

8.    Defendant is a hospital that operates in the state of Pennsylvania at the address set forth in the caption.

9.    At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

10.    The foregoing paragraphs are incorporated herein as if set forth in full.

11.    In or around October 2006, Defendant hired Plaintiff as a surgical technician.

12.    In or around 2009, Plaintiff's minor son was diagnosed with a severe gastro-intestinal medical condition (hereinafter referred to as "Medical Condition").

13.     Thereafter, Plaintiff completed FMLA paperwork in connection with her minor son's Medical Condition and provided same to Defendant, who approved Plaintiff for intermittent FMLA-protected leave.

14.     Thereafter, Plaintiff regularly took about two (2) days per month of FMLA-protected leave to provide care to her minor son due to his Medical Condition.

15.     Plaintiff provided at least one (1) week's advanced notice of any need for FMLA-protected leave.

16.     In or around February 2016, Plaintiff's minor son was diagnosed with Henoch-Schönlein purpura, which caused Plaintiff's minor son to suffer acute kidney disease / renal failure.

17.     Hereinafter, all of Plaintiff's minor son's health conditions collectively are referred to as "Medical Conditions."

18.     Following Plaintiff's minor son's renal failure, Plaintiff requested and took two (2) to three (3) days of FMLA-protected leave during a week, twice per month to take her minor son to see specialists in Boston, Massachusetts.

19.     Plaintiff requested said family leave at least one (1) week in advance, and, at her supervisor's request, ensured there was someone available to cover each absence.

20.     On or around November 2, 2016, Plaintiff requested to use FMLA-protected leave in order to leave work early on November 11, 2016, so that she could take her minor son to Boston for treatment.

21.     On or around November 3, 2016, only one (1) day after her request, Defendant placed Plaintiff on an indefinite suspension, allegedly for sleeping on the job and taking excessive breaks.

22.     Defendant's allegations were false, as Plaintiff neither slept on the job nor took excessive breaks.

23.     Moreover, prior to November 3rd, Plaintiff had never been disciplined, reprimanded, or counseled by Defendant regarding excessive breaks or sleeping on the job.

24.     On or around November 10, 2016, Defendant fired Plaintiff for these alleged violations of company policy.

25.     Defendant's stated reason for firing Plaintiff was a pretext.

26.     In reality, Defendant fired Plaintiff, because Plaintiff utilized FMLA-protected leave in connection with her minor son's Medical Conditions and/or to prevent Plaintiff from taking further FMLA-protected leave, and/or due to Plaintiff's association with an individual with a disability and/or perceived disability (i.e. Plaintiff's minor son).

27.     As a result of Defendant's actions, Plaintiff has suffered damages.

## COUNT I
## Violations of the Family and Medical Leave Act ("FMLA")
### (Interference)

28.     The foregoing paragraphs are incorporated herein as if set forth in full.

29.     Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act.

30.     As of October 2007, Plaintiff was employed by Defendant for at least twelve (12) months.

31.     Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of her intermittent FMLA-protected leave.

32.     Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees, within 75 miles, for twenty (20) or more calendar weeks in 2015 or 2014.

33.     Plaintiff required time off from work because of her minor son's disabilities.

34.     Plaintiff's minor son's health conditions constituted serious health conditions within the meaning of the FMLA.

35.     Plaintiff was entitled to receive leave under the FMLA for a total time period equal to twelve (12) workweeks, and Defendant was not permitted to interfere with Plaintiff's rights to same.

36.     Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff for having taken leave that Defendant should have designated and treated as FMLA-protected leave.

37.     Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff to prevent her from taking further FMLA-protected leave.

38.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT II
## Violations of the FMLA
### (Retaliation)

39.     The foregoing paragraphs are incorporated herein as if set forth in full.

40.     Defendant retaliated against Plaintiff by firing Plaintiff for requesting and taking FMLA-protected absences.

41.     Defendant's retaliatory actions constitute unlawful acts under the FMLA.

42.     Defendant's violation of the FMLA was both willful and intentional.

43.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT III
## Violations of Americans with Disabilities Act
### (Disability Association Discrimination)

44.     The foregoing paragraphs are incorporated herein as if set forth in full.

5

45.     At all times relevant herein, Plaintiff's minor son's Medical Conditions rendered him an individual with a disability under the ADA.

46.     At all times relevant herein, Defendant perceived Plaintiff's minor son to be suffering from a disability.

47.     At all times relevant herein, Plaintiff made Defendant aware of her need to care for her minor son's Medical Conditions.

48.     Defendant fired Plaintiff because Plaintiff's minor son suffered from a disability or perceived disability.

49.     Defendant's aforesaid actions constitute violations of the ADA.

50.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their need to take FMLA-qualifying leaves and/or their association with individuals with disabilities;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C.     Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

6

D.     Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

F.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

/s/ Richard Swartz
Richard S. Swartz, Esq.
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
1101 Kings Highway North
Suite 402
Cherry Hill, NJ 08034
(856) 685-7420 Tel
(856) 685-7417 Fax

Dated: August 31, 2017